Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3433 | **DATE** | 9/26/2011 |
| **CASE TITLE** | Lisa Mello vs. AppleIllinois, LLC | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, plaintiff Lisa Mello's ("Mello") "Motion for Class Certification" [48] is denied without prejudice. The case is set at 9:00 a.m. on October 19, 2011. Counsel and the parties are encouraged to discuss settlement.

■[ For further details see text below.]    Notices mailed.

# STATEMENT

On June 4, 2010, plaintiff Lisa Mello ("Mello") filed a class-action complaint against AppleIllinois, LLC ("AppleIllinois"), d/b/a/ Applebee's Neighborhood Grill and Bar ("Applebee's"), based on alleged violations of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/5 (Count I). Currently before the court is Mello's "Motion for Class Certification" (Dkt. No. 48). For the reasons explained below, Mello's motion is denied without prejudice.

Mello worked as a server and bartender at an Applebee's restaurant in Tinley Park, Illinois for over 12 years. (Dkt. No. 12, Def.'s Answer ¶ 4.) AppleIllinois owns and operates the Tinley Park Applebee's. (*Id.* ¶ 5.) According to the complaint, between at least 1997 and 2010, AppleIllinois maintained a vacation policy for hourly employees, including Mello. (*Id.* ¶¶ 4, 9.)

AppleIllinois's vacation policy, which is set out in a writing attached to Mello's complaint, provides in pertinent part:
VACATION
<u>Hourly Employees</u>
Qualified employees will be eligible for vacation benefits. Qualified employees are defined as anyone who maintains an average of at least 30 hours worked per week during the year prior to the date of eligibility for vacation. The vacation benefit is as follows:

a) One week after one year of service.
b) Two weeks after five years of service.

The amount of vacation pay will be based on your average hours worked per week during the year times your current hourly rate. Vacation pay will be calculated by the payroll department and will <u>automatically</u> be paid the month following your employment anniversary. . . .

Hourly employees who terminate their employment are only eligible for vacation pay if

> employed when the vacation pay checks are issued. No vacation pay is earned for partial years of employment. I.E. If you are employed on Feb. 1, 1998 and terminated on Dec. 1, 1998 no vacation pay is due, since you have not completed a full year of employment. On Feb. 1, 1999, if you qualify, you will be issued one week's vacation pay automatically in the month following your anniversary.

(Vacation Policy (attached as Ex. A to Compl.).) Mello alleges that AppleIllinois violated the IWPCA by not paying her the ratable share of earned vacation when her employment terminated in 2010. (Compl. ¶ 11.)

Mello seeks to certify the following class under Federal Rule of Civil Procedure 23:

> All persons separated from employment with AppleIllinois, LLC, in Illinois between August 17, 2002, and the present who were subject to AppleIllinois's Vacation Pay policy and did not receive all earned vacation pay benefits.

The plaintiff bears the burden of demonstrating that class certification is appropriate. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). Class certification under Rule 23 involves two steps. First, the plaintiff's claim must satisfy the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a). *Id.* Second, the claim must meet one of the conditions of Rule 23(b). *Id.* Here, Mello is proceeding under Rule 23(b)(3), which provides that a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

In response to Mello's motion, AppleIllinois contends that Mello's complaint asserts three legally distinct claims under the IWPCA and Mello only has standing to pursue a claim under one of those theories. As a result, AppleIllinois argues, Mello cannot satisfy Rule 23(a)'s typicality and adequacy of representation requirements with respect to the other two theories.

According to AppleIllinois, Mello's IWPCA claim is based on three separate legal theories: (1) failure to pay a pro rata share of a year's vacation upon termination to employees who were employed for less than a year ("Initial Year" claims); (2) failure to pay a pro rata share of vacation to an employee who completed one of more full years of employment and received vacation pay for those years but did not work a full subsequent year before terminating employment ("Subsequent Years" claims); and (3) failure to pay vacation if an employee completed a full year of initial service or completed a full subsequent year of service, but was not employed on the date that AppleIllinois disbursed the vacation payment ("Separation Before Disbursement" claims). Because Mello's claim falls within the Subsequent Years claim category, AppleIllinois contends that Mello's proposed class should be limited to those former AppleIllinois employees with Subsequent Years claims.

Following the U.S. Supreme Court's and the Seventh Circuit's instructions, the court must first "consider issues of class certification prior to issues of standing." *See Payton v. Cnty. of Kane*, 308 F.3d 673, 680 (7th Cir. 2002).

I.      Rule 23(a)'s Class Certification Requirements

| STATEMENT |
|---|

A. Typicality

"[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (quoting *DeLa Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). The "typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members." *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (quoting *De La Fuente*, 713 F.2d at 232). Rule 23(a) does not "require all class members suffer the same injury as the named class representative." *Rosario*, 963 F.2d at 1018  Rather, the court focuses its inquiry on "the defendant's conduct and the plaintiff's legal theory." *Id.*

In this case, the court finds that Mello's claim is not typical of the class as currently defined by Mello. Under the IWPCA,

> Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. . . .
>
> [W]henever a contract of employment or employment policy provides for paid vacations, and an employee resigns or is terminated without having taken all vacation time earned in accordance with such contract of employment or employment policy, the monetary equivalent of all earned vacation pay shall be paid to him or her as part of his or her final compensation at his or her final rate of pay and no employment contract or employment policy shall provide for forfeiture of earned vacation time upon separation.

820 ILCS 115/5. The Illinois Department of Labor recognizes that an employer's vacation policy can provide that no vacation is earned by employees for a limited period at the commencement of employment. 56 Ill. Admin. Code § 300.520(f)(1). Such a vacation policy is permissible if the employer "demonstrate[s] that the policy is not a subterfuge to avoid payment of vacation actually earned by length of service and, in fact, no vacation is implicitly earned or accrued during that period." *Id.*

Here, Mello's proposed class includes former AppleIllinois employees who worked for AppleIllinois for less than one year and, under AppleIllinois's vacation policy, did not qualify for vacation pay. Whether AppleIllinois's vacation policy, as that policy pertains to employees who worked for AppleIllinois for less than a year, is in compliance with Illinois law raises a legal issue that would not impact the entire class as defined by Mello. Because Mello worked at AppleIllinois for twelve years, she does not fall within this category of AppleIllinois employees. Thus, unlike the former AppleIllinois employees with Initial Year claims, Mello "would have little incentive to litigate vigorously whether" AppleIllinois's vacation policy's provision with respect to employees employed for less than a year violates Illinois law. *Muro*, 580 F.3d at 493. The court therefore finds that Mello's claim is not typical of the class of former employees with "Initial Year" claims.

With respect to the remaining class members (i.e., those with Separation Before Disbursement or Subsequent Years claims), the court finds that Mello's claims are typical. AppleIllinois does not dispute that Mello's claim is a Subsequent Years claim and that her claim is typical of other potential class members with Subsequent Years claims. Moreover, whether a claim is a Separation Before Disbursement or Subsequent Years claim, these claims all arise out of essentially the same conduct and are based on the same legal theory: namely, AppleIllinois's failure to pay earned vacation time in violation of the IWPCA. The minor factual

| STATEMENT |
|---|

differences between these two categories of claims does not defeat the class action. *See Rosario*, 963 F.2d at 1018.

    B.    Adequacy of the Representation

In the Seventh Circuit, "[w]hether the named plaintiffs properly represent the class' interest depends upon a number of factors including: the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate and distinct interest of the absentee members." *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986) (en banc). "A class is not adequately represented if class members have antagonistic or conflicting claims." *Rosario*, 963 F.2d at 1018. Here, AppleIllinois argues that Mello cannot be an adequate representative of the entire class because her claims are not typical of the entire class. As discussed above, the court has found that Mello's claim is typical of the potential class members with Subsequent Years and Separation Before Disbursement claims. Moreover, the court has no reason to believe that Mello has an antagonistic or conflicting claims with these potential class members. Mello's attorneys similarly appear capable of providing the absentee members of the class with adequate representation. They are members of good standing in the Illinois State Bar with extensive experience litigating federal and state wage and hour law cases, including class actions. (*See* Stevens's, Werman's & Sypulski's Decls. (attached as Exs. B, E & F to Mello's Mot.).) The court accordingly finds that Mello is an adequate representative of the class of former AppleIllinois employees with Subsequent Years and Separation Before Disbursement claims.

    C.    Commonality

Regarding the commonality requirement of Rule 23, AppleIllinois has not challenged whether Mello has satisfied this requirement and the court has no reason to find that it is not satisfied with respect to the potential class members with Subsequent Years and Separation Before Disbursement claims. The U.S. Supreme Court has explained that "[t]he commonality and typicality requirements of Rule 23(a) tend to merge." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 n.5 (2011). Both requirements assist the court in "determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.* More specifically, "commonality" requires the plaintiff to show that "the class members have suffered the same injury." *Id.* at 2551 (citation omitted). Here, the court finds that the potential class members having the Subsequent Years and Separation Before Disbursement claims suffered the same injury: they allegedly did not receive earned vacation pay in violation of the IWPCA.

    D.    Numerosity

Lastly, regarding the numerosity requirement, the plaintiff bears the burden of demonstrating that "such a class [is] 'so numerous that joinder of all members [is] impracticable." *Muro*, 580 F.3d at 488 (quoting *Williams v. Chartwell Fin. Servs*, *Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000)). Here, because Mello's numerosity arguments were based on the size of entire class, including those former employees with Initial Year claims, the court cannot determine at this time whether the current class, which the court has limited to former AppleIllinois employees from the relevant time period with Separation Before Disbursement and Subsequent Years claims, satisfies the numerosity requirement. Consequently, Mello's motion for class certification is denied without prejudice. Mello may renew its motion, consistent with this order, and provide the court with evidence of the number of potential class members from the relevant time period with Separation Before Disbursement and Subsequent Years claims.

| STATEMENT |
|---|

II.     Mello's Article III Standing

Finally, should Mello renew its motion for class certification, the court addresses AppleIllinois's contention that Mello only has standing to assert Subsequent Years claims on behalf of the class. AppleIllinois's standing arguments mirror its Rule 23 arguments that Mello's claim is not typical of the entire class. Article III standing to bring a class action, however, is distinct from the Rule 23 inquiry. *Arreola v. Godinez*, 546 F.3d 788, 795 (7th Cir. 2008) ("In our view, it is best to confine the term 'standing' to the Article III inquiry and thus to keep it separate from the plaintiff's . . . ability to satisfy the Rule 23 criteria."). To have standing to bring a class action, the plaintiff must have "suffered an 'injury in fact' which is fairly traceable to the challenged action of the defendant and 'likely,' as opposed to merely 'speculative,' to be 'redressed by a favorable decision.'" *Payton v. Cnty. of Kane*, 308 F.3d 673, 677 (7th Cir. 2002) (quoting *Doe v. Cnty. of Montgomery*, 41 F.3d 1156, 1159 (7th Cir. 1994)). Here, based on the allegations in Mello's complaint, she suffered a violation of the IWPCA based on AppleIllinois's failure to pay her earned vacation pay. Such allegations demonstrate an "injury in fact" and accordingly satisfy the Article III standing requirements.

*James F. Holderman* (signature)