# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3433 | **DATE** | 7/31/2012 |
| **CASE TITLE** | Mello vs. AppleIllinois, LLC d/b/a Applebee's Neighborhood Grill & Bar | | |

**DOCKET ENTRY TEXT**

In the exercise of its power to *sua sponte* evaluate the propriety of exercising subject matter jurisdiction over a matter, the court hereby suspends the briefing schedule on the parties' pending summary judgment motions. [88] The plaintiffs shall file a supplementary memorandum addressing the propriety of the court exercising subject matter jurisdiction over this case by 8/20/12. The plaintiffs shall produce evidence demonstrating the number of class members who were citizens of Illinois at the relevant time, and if § 1332(d)(3) applies, address the factors listed therein. If the plaintiffs discover that more than two-thirds of the class members were Illinois citizens at the relevant time, or if the plaintiffs otherwise determine that the exercise of jurisdiction is inappropriate, a motion to voluntarily dismiss the complaint is an appropriate response to this order. The defendant shall respond by 9/3/12. The plaintiffs shall reply by 9/17/12. A status hearing is set for 9/25/12 at 9 am.

■[ For further details see text below.] 

Docketing to mail notices.

## STATEMENT

     The plaintiffs' class action complaint (Dkt. No. 65) in this case alleges that the court's jurisdiction is established by the Class Action Fairness Act of 2005 ("CAFA"). CAFA provides that:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2). Even if those requirements are met, however, CAFA provides several exceptions to the court's jurisdiction, including one in § 1332(d)(4)(B), which provides that "[a] district court shall decline to exercise jurisdiction under [§ 1332(d)(2) if] . . . two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." Moreover, the court "may, in the interests of justice and looking at the totality of the circumstances,

decline to exercise jurisdiction under [§ 1332(d)(2)] over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3).

A court has the obligation to evaluate the existence of its own subject matter jurisdiction over a matter, regardless of whether the parties have raised the issue. *See Foster v. Hill*, 497 F.3d 695, 696–97 (7th Cir . 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."). The CAFA exceptions, however, are not jurisdictional, but instead are abstention doctrines which do not divest the court of subject matter jurisdiction. *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) ("We recognize that § 1332(d)(4) does not itself diminish federal jurisdiction. It directs district judges to 'decline to exercise' jurisdiction otherwise present and thus is akin to abstention."); *Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 636 F.3d 971, 973 (8th Cir. 2011) ("The local controversy provision, which is set apart from the above jurisdictional requirements in the statute, inherently recognizes the district court has subject matter jurisdiction by directing the court to 'decline to exercise' such jurisdiction when certain requirements are met."); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007).

Nonetheless, the court may *sua sponte* decline to exercise jurisdiction over a case under a doctrine of abstention. *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996) ("In the absence of a showing that a state has waived abstention arguments by expressly urging the federal court to address the merits, the issue may be raised on the initiative of the court."). That is particularly true in the case of a statute, like § 1332(d)(4), that makes abstention mandatory in a particular situation. *See* 28 U.S.C. § 1332(d)(4) ("A district court *shall* decline to exercise jurisdiction . . . ." (emphasis added)). *Sua sponte* examination of the applicability of one of the CAFA exceptions, including the discretionary exception, is therefore appropriate. *See Lucker v. Bayside Cemetery*, 262 F.R.D. 185 (E.D.N.Y. 2009).

After beginning its review of the summary judgment motions that the parties are currently briefing, the court is concerned the CAFA exceptions under § 1332(d) may require the court to decline to exercise subject matter jurisdiction over this case. The only defendant (and thus indisputably the "primary defendant") in this case is AppleIllinois, LLC, a limited liability company organized under the laws of Illinois (Dkt. No. 65 ¶ 6) and thus an Illinois citizen. *See* 28 U.S.C § 1332(d)(10). The two subclasses of plaintiffs that the court has certified are composed of 18,960 former employees of the restaurants AppleIllinois operates within the state of Illinois. (*See* Dkt. No. 69, at 2.) Because those employees all worked within the state of Illinois, it seems likely that at least one-third of them, and perhaps as many as two-thirds or more of them, were citizens of Illinois as of the relevant date under CAFA for determining citizenship. *See* 28 U.S.C. § 1332(d)(7).

Accordingly, the court hereby suspends the briefing schedule on the parties' pending summary judgment motions. (Dkt. No. 88.) The plaintiffs shall file a supplementary memorandum addressing the propriety of exercising federal subject matter jurisdiction under CAFA in this case by 8/20/12. The plaintiffs shall produce evidence demonstrating the number of class members who were citizens of Illinois at the relevant time, and if § 1332(d)(3) applies, address the factors listed therein. If the plaintiffs discover that more than two-thirds of the class members were Illinois citizens at the relevant time, or if the plaintiffs otherwise determine that the exercise of jurisdiction is inappropriate, a motion to voluntarily dismiss the complaint is an appropriate response to this order. The defendant shall respond by 9/3/12. The plaintiffs shall reply by 9/17/12. A status hearing is set for 9/25/12 at 9 am.

*James F. Holderman*